WALTER H. NEWTON v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

January 12, 1932.

Nos. 28,708, 28,709.

*Mortimer H. Boutelle, William A. Tautges, B. W. Wilder,* and *Robert J. McDonald,* for plaintiff.

*Ralph T. Boardman* and *John F. Dulebohn,* for defendant.

[1]Reported in 240 N. W. 470.

438

Per Curiam.

These actions are to recover for personal injuries. Verdicts were rendered for the defendant. Plaintiff's motions for new trials were denied.

After the return was made to this court the defendant moved the lower court to amend the settled case by including as part thereof the argument to the jury made by counsel for plaintiff.

The trial court granted the motion to amend the settled case over the objection of the plaintiff on the ground that the court did not have jurisdiction so to do. The trial court, deeming the question involved to be important and doubtful, certified the same to this court for a decision thereon.

G. S. 1923 (2 Mason, 1927) § 10756, authorizes certain questions to be certified when important or doubtful in criminal cases, but it does not authorize the certification of such questions in civil actions. We do not know of any statute conferring such authority, and we are of the opinion that the trial court was without authority so to certify said question, and we therefore decline to consider it. The trial court may allow a settled case after an appeal has been perfected, and where a settled case has not been allowed within the statutory period the court may, for good cause, grant an extension of time therefor; and the matter of granting or denying such an application lies in the discretion of the trial court. We assume that the settled case has been amended. The only determination however that we make is that the trial court does not have jurisdiction to certify the question to us.